**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| Jermaine Bolden,  Plaintiff | * * * * | |
| v. | * | No. 8:13-cv-01265-DKC |
| | * * | |
| McCabe, Weisberg & Conway, LLC  Defendant | * * | |

*************************************************************************

**RESPONSE TO PLAINTIFF'S AMENDED MOTION TO RECONSIDER AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**COMES NOW** the Defendant McCabe, Weisberg & Conway, LLC ("Defendant"), by and through undersigned counsel, and moves this Court to deny Plaintiff's Amended Motion to Reconsider and to deny Plaintiff's Motion for Leave to File an Amended Complaint ("Amended Motion" and "Motion for Leave," respectively) (ECF No. 27, 28), and respectfully represents to the Court as follows:

**FACTS AND PROCEDURAL HISTORY**

1. For the sake of brevity, Defendant shall adopt and incorporate by reference the factual and procedural history detailed in its original Motion to Dismiss (ECF No. 12) and Opposition to Amended Plaintiff's Motion Summary Judgment (ECF No. 19) as if fully set forth herein.

2. On December 31, 2013, after a flurry of pleadings and amendments by Plaintiff, this Court entered a Memorandum Opinion and Order (the "Order") dismissing all counts of the original complaint. (ECF No. 24-25).

3. On February 14, 2014 Plaintiff filed his Motion for Leave and a Motion to Reconsider the Court's order dismissing the Complaint. (ECF No. 26 and 27). Before Defendant could respond to the same, Plaintiff filed his Amended Motion, attaching thereto a copy of his proposed Amended Complaint.

## STANDARD OF REVIEW

4. Amended pleadings are generally permitted within 21 days of service of the original pleading or, if a responsive pleading is required, within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). The Rule further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend lies within the discretion of the trial court. *See Norman v. Apache Corp.*, 19 F.3d 1017 (5th Cir. 1994). Where an amended pleading would be futile, the court may deny leave to amend. *McCabe v. Trombley*, 867 F. Supp. 120 (N.D.N.Y. 1994). Additionally, where a motion for leave to amend is untimely, the burden falls with the moving party to explain the reason for the delay. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771 (7th Cir. 1995).

5. Additionally, motions to reconsider orders of this Court may take one of two forms. Motions to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment. Motions for relief from a judgment pursuant to Fed. R. Civ. P. 60 are limited to exceptionally narrow grounds. Relief from an order of the court may be granted for

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions filed pursuant to Rule 60 must be tailored to one of the grounds listed therein, and may not be general pleas for relief. *United States v. Deutsch*, 981 F.2d 299 (7th Cir. 1992). Absent a motion falling within the scope of Rule 59(e) or Rule 60, a motion to reconsider an order of this Court must be filed within 14 days of entry of the order. Local Rule 105(10).

## ARGUMENT

**I) Plaintiff's Motion for Leave should be denied.**

6. Plaintiff's Motion for Leave should be denied for at least three reasons: first, justice would not be served by permitting Plaintiff to amend the complaint; second, any amended pleadings would be futile; and third, the amendment would be untimely.

    A.   *Permitting Plaintiff to amend his complaint would not serve the interests of justice.*

7. In determining whether the interests of justice would be served by granting leave to amend a complaint, the Court should consider the interests of both parties. *See Byrne v. Buffalo Creek R.R. Co.*, 536 F. Supp. 1301 (W.D.N.Y. 1982); *Holman v. Carpenter Tech. Corp.*, 484 F. Supp. 406 (E.D. Pa. 1980). The requirement that leave to amend be granted "when justice so requires [necessarily] implies its negative; when injustice such as undue prejudice occur, amendments may not be made." *Johnson v. Helicopter & Airplane Services Corp.*, 389 F. Supp. 509, 513-14 (D. Md. 1974) (internal quotations omitted).

8.     Plaintiff has not demonstrated that the interests of justice would be served by granting him leave to amend.  Indeed, without addressing the merits thereof, his proposed Amended Complaint raises six causes of action, five of which were dispensed with by this Court's order: two varieties of Fair Credit Reporting Act violations (willful non-compliance and negligent non-compliance); a Fair Debt Collection Practices Act violation; a Maryland Consumer Debt Collection Act violation; and a Maryland Consumer Protection Act violation.  The only additional claimed violation of 31 U.S.C. § 3802[1] rests upon the same bare conclusory allegations upon which this Court has already ruled.  (ECF No. 24 at *14).

9.     Defendant has already expended considerable time and expense litigating these issues, and the Court has already entered judgment thereon.  Plaintiff does not, and cannot, demonstrate how the interests of justice would be served by granting him leave to amend his complaint and further continuing this litigious endeavor.  Because the interests of justice would not be served by granting Plaintiff leave to amend, this Court should deny his Motion for Leave.

   B.     *Plaintiff's Amended Complaint would be futile.*

10.    This Court should deny Plaintiff's Motion for Leave because the proposed Amended Complaint is futile.  The Court may properly deny leave to amend a complaint where "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat'l Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).  Thus, when a proposed amended complaint bears the same deficiencies as the original, it is proper for the court to deny leave to amend. *Williams v. Fed. Home Loan Mortg. Corp.*, No. PWG-13-2453, slip op. at 13 (D. Md. Dec. 18, 2013).

---

[1]     Notwithstanding the previously litigated facts alleged, and without squarely arguing the merits, Defendant notes that this section of the Code does not give rise to the cause of action that Plaintiff asserts.

11.     Plaintiff's proposed Amended Complaint bears the same deficiencies as the original complaint. Simply stated, it merely recites the relevant statutory provisions and is devoid of any factual support to support the same. Plaintiff's factual allegations amount to nothing more than (1) a conclusory allegation that Defendant does not have standing to foreclose (which appears twice), (2) a conclusory allegation that the foreclosure action is somehow illegal, and (3) that a "hard pull" of Plaintiff's credit report resulted in damage to his credit scores. Plaintiff's proposed Amended Complaint does not detail any facts to support his six causes of action. This Court has already passed judgment on the plausibility of the claims raised and the facts relied upon to support them.

12.     Because granting Plaintiff leave to amend his complaint would be futile, his Motion for Leave should be denied.

   C.     *Plaintiff's Motion for Leave is untimely.*

13.     Plaintiff's Motion for Leave should also be denied because it is untimely. As previously noted, Fed. R. Civ. P. 15 requires that any amended pleading be filed within 21 days of service of a responsive pleading. Undue delay is widely regarded as sufficient reason to deny a motion for leave to amend. *Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300 (10th Cir. 2005).

14.     The original complaint was docketed in this Court on April 29, 2013. (ECF No. 1). After Plaintiff's initial failed service attempts, Defendant filed its Motion to Dismiss on July 5, 2013. (ECF No. 12). Thereafter, Plaintiff was required, within 21 days, to file any amended pleadings. Fed. R. Civ. P. 15(a)(1). Rather than file an amended complaint to address the shortcomings of the original complaint, Plaintiff filed an opposition to Defendant's Motion to Dismiss, and a subsequent motion for summary judgment. (ECF No. 15, 16). Plaintiff elected to

continue litigating based upon the original complaint that he filed, rather than taking the opportunity to cure the deficiencies timely. What's more, Plaintiff offers no explanation for the delay in filing his Motion, even after this Court entered its order.

15. Because Plaintiff's Motion for Leave is untimely and because Plaintiff has not explained the reason for the delay, it should be denied.

**II)   Plaintiff's Amended Motion should be denied.**

16. Plaintiff's Amended Motion to Reconsider should be denied by this Court. Plaintiff's Amended Motion is deficient whether viewed under the lens of Rule 59(e) or Rule 60. Furthermore, the Amended Motion was filed well beyond the time constraints of Local Rule 105(10).

   A.   *Plaintiff's Amended Motion fails under Rule 59(e).*

17. A motion to alter or amend a judgment must be filed with 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e); *Trupei v. United States*, 274 F.R.D. 38 (D.D.C. 2011). A party's "[f]ailure to comply with the rule renders the motion untimely and on that basis compels the denial of the motion." *Cole v. Altieri*, 534 F. Supp. 165, 168 (E.D. Pa. 1981) (citing *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1192 (3d Cir. 1979)) (internal quotations omitted). Additionally, a motion to alter or amend a judgment requests "an extraordinary remedy which should be used only sparingly." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 770 (E.D. La. 2004).

18. Under Rule 59, Plaintiff's Amended Motion must fail for two reasons. First, it is untimely. This Court dismissed the complaint on December 31, 2013, thereby requiring Plaintiff to file his motion no later than January 28, 2014. Even assuming this Court grants Plaintiff the leeway of reviewing the earlier of his two motions for reconsideration, the original Motion to

Reconsider was filed in this Court on February 14, 2014, more than two weeks after the deadline had expired. Plaintiff offers no explanation for this delay.

19. Moreover, Plaintiff fails to establish any grounds for reconsideration. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence[2] or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert. denied*, 552 U.S. 1040 (internal citations omitted) (alteration in original). The entirety of Plaintiff's Amended Motion rests upon the premise that Defendant lacked standing to foreclose because the deed of trust and the note were somehow "bifurcated." This assertion is incorrect for two primary reasons. First, Defendant did not initiate the foreclosure action; the duly appointed Substitute Trustees did so. Second, the assertion is legally incorrect. Maryland case law firmly holds that, regardless of transfers and assignments, the note *always* carries with it the security of the deed of trust. *See Deutsche Bank Nat. Trust Co. v. Brock*, 430 Md. 714 (2013); *Le Brun v. Prosise*, 197 Md. 466 (1951).[3]

20. Because Plaintiff's Amended Motion is untimely, and because it does not state any valid grounds to amend the Court's Order, it must be denied.

B. *Plaintiff's Amended Motion fails under Rule 60.*

21. Rule 60 permits a movant to obtain relief from the judgment of the trial court within one year of the same. Courts have constructed a five-step analysis for a Rule 60 motion:

> To come under the purview of Rule 60(b), the Plaintiff at bar must make a showing that his motion was filed within a reasonable time, that he has a meritorious defense or legal position in spite of an earlier ruling by the Court or jury verdict, that there is a lack of

---

[2] It is abundantly clear from the pleadings already on the record that Plaintiff here has not introduced any new evidence beyond that which was proffered in the original complaint. He has merely introduced the same vague, conclusory allegations as before, with a smattering of new statutory citations.

[3] Plaintiff cites the often mis-cited *Carpenter v. Longan*, 83 U.S. 271 (1872) to support the proposition that the note and the deed of trust have been severed. However, *Carpenter* stands for precisely the opposite proposition, and Maryland case law comports with the holding of *Carpenter*.

unfair prejudice to [the non-moving party] and that exceptional circumstances exist. *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984). Once such a showing is made, he must then satisfy one or more of Rule 60(b)'s six grounds for relief from judgment. *Id.*

*Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 774 F. Supp. 996, 999 (1991), *aff'd*, 993 F.2d 46 (4th Cir. 1993).

22. Thus, a party seeking to invoke Rule 60 protection must show (1) that the timing of the motion is reasonable, (2) that the new defense is meritorious, (3) that the non-moving party would not be unfairly prejudiced, (4) that some exceptional circumstance exists, and (5) that one of the six grounds for relief, discussed *infra*, have been satisfied.

23. Plaintiff's Amended Motion does none of these. Notwithstanding that the Amended Motion was filed within Rule 60's one-year deadline, Plaintiff offers no justification for why time should be extended beyond the strictures of the 14-day limit imposed by Local Rule 105(10). No new facts or law have been presented for the Court's review, and indeed, the authority that Plaintiff relies upon stands against the very proposition he seeks to support. Plaintiff surely cannot state that forcing Defendant expend the time and expense to re-litigate issues that the Court has already ruled upon would not cause undue prejudice. Plaintiff has also failed to state any exceptional circumstances that would warrant this Court revisiting his prior claims. Finally, and perhaps most importantly, Plaintiff's Amended Motion is not grounded in any of Rule 60's six narrow grounds.

24. Because Plaintiff's Amended Motion falls well short of the Rule 60 mark, it should be denied.

## CONCLUSION

Wherefore, it is respectfully requested that the Court:

A. Deny Plaintiff's Motion for Leave to File an Amended Complaint, and,

B.  Deny Plaintiff's Amended Motion to Reconsider, and,

C.  Grant such other and further relief as it deems just and appropriate.

    Respectfully Submitted,

    /s/ Michael T. Cantrell (mcl)
    Michael T. Cantrell, Esquire (08793)
    McCabe, Weisberg & Conway
    312 Marshall Avenue, Suite 800
    Laurel, Maryland 20707
    301-490-3361
    Email: mcantrell@mwc-law.com

## CERTIFICATE OF SERVICE

I hereby certify and affirm under the penalties of perjury that I served a copy of the aforementioned pleading to the following by first class mail, postage prepaid on this 4th day of March, 2014:

Jermaine Bolden
3603 Fernandes Drive
Temple Hills, MD 20748

    /s/ Michael T. Cantrell
    Michael T. Cantrell, Esquire
    McCabe, Weisberg & Conway
    312 Marshall Avenue, Suite 800
    Laurel, MD 20707