IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE BOLDEN :
:
   v. : Civil Action No. DKC 13-1265
:
MCCABE, WEISBERG & CONWAY, LLC :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action are a motion for reconsideration and a motion for leave to submit an amended complaint filed by *pro se* Plaintiff Jermaine Bolden (ECF Nos. 26, 27, & 28). The relevant issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, both motions will be denied.

**I. Background**

Plaintiff commenced this action on April 29, 2013, against McCabe, Weisberg & Conway LLC ("Defendant"), claiming violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, § 14-201 *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.* By memorandum opinion and order, the undersigned granted Defendant's motion to dismiss and dismissed Plaintiff's

complaint on December 31, 2013, finding his complaint wholly devoid of factual allegations to support consumer law violations. (ECF Nos. 24 & 25). The record indicates that Plaintiff called the clerk's office on January 16, 2014 to inquire about the status of his case and stated that he did not receive the memorandum opinion and order. The clerk's office subsequently mailed the memorandum opinion and order to Plaintiff on January 16, 2014. On February 14, 2014, Plaintiff moved for reconsideration (ECF No. 26) and for leave for file an amended complaint (ECF No. 27). Plaintiff then filed an amended motion for reconsideration on February 21, 2014 (ECF No. 28), and Defendant opposed the motions (ECF No. 29).[1]

---

[1] A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Rule 59(e); *MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, Civil No. WDQ-04-3621, 2013 WL 5934055, at *3 (D.Md. Oct. 31, 2013). Plaintiff claims that he did not receive the December 31, 2013 memorandum opinion and order until January 16, 2014, but the time to file a Rule 59(e) motion begins to run on the date when an order disposing of the motion is entered. Fed.R.Civ.P. 6(b)(2) states that a court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b),(d), and (e), and 60(b). Plaintiff did not file his motion for reconsideration within 28 days from the December 31, 2013 memorandum opinion and order, thus Rule 60(b) governs his motion for reconsideration.

**II. Analysis**

Plaintiff has moved for reconsideration and for leave to amend his complaint. In *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit explained that a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b). *See also Calvary Christian Center v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013). The Fourth Circuit further stated that "[t]o determine whether vacatur is warranted, [], the court need not concern itself with either of those rules' legal standards." *Katyle*, 637 F.3d at 471.[2] *Katyle* held that:

> [t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a). In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar

---

[2] More recently, in *Calvary Christian Center*, 710 F.3d at 540, the Fourth Circuit stated that "[o]ur language in *Katyle*,[] was addressed to a circumstance [much like here] where the plaintiff [sought] to set aside the judgment of dismissal, and at the same time, to file an amended complaint." In *Calvary*, the Fourth Circuit addressed a situation where plaintiff moved to amend the complaint after it had been dismissed, but where plaintiff did *not* move for reconsideration under Rule 59(e) or 60(b). Under that scenario, the Fourth Circuit reasoned that "[b]ecause [plaintiff] did not file a motion to vacate the district court's judgment of dismissal, we have no occasion to consider whether the district court correctly applied Rule 15 standards." *Id.* at 539.

3

> motion filed before judgment was entered –
> for prejudice, bad faith, or futility.'
> [*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir.
> 2006)]; *accord Matrix Capital Mgmt. Fund, LP
> v. Bearingpoint, Inc.*, 576 F.3d 172, 193 (4th
> Cir. 2009).

*Katyle*, 637 F.3d at 471; *United States v. Shabazz*, 509 F'Appx. 265, 266 (4th Cir. 2013) (same). Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile – that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted).

Amending the complaint would be futile because Plaintiff's proposed amended complaint fails to cure the defects in the original complaint. In the original complaint, Plaintiff alleged that Defendant initiated a hard pull of Plaintiff's credit report from Experian without a permissible purpose and that this reduced his credit score. Plaintiff also asserted that Defendant sent him letters threatening foreclosure action without providing proof that it had authority to enforce the mortgage or collect payments. Plaintiff propounds identical allegations in the proposed amended complaint. (*See* ECF No. 27-1). Specifically, Plaintiff states that Defendant does not have

4

standing to foreclose on his property, that it filed an "illegal foreclosure which has damaged the Plaintiff's credit report," and initiated a hard pull of Plaintiff's credit report on February 9 and March 7, 2013. (*Id.* at 1). The undersigned found these allegations woefully insufficient to plead violations of the FCRA, FDCPA, and MCDCA. The MCPA claim was dismissed pursuant to Section 13-104, which exempts professional services from the MCPA, including lawyers. (ECF No. 24, at 15-16). Much like the original complaint, Plaintiff's proposed amended complaint again recites elements of potential causes of action and does not show how Defendant's actions amount to violations of the respective statutes. *See Qihui Huang v. Culbertson*, Civil Action No. 10-cv-00944-AW, 2011 WL 10005533, at *1 (D.Md. Jan. 25, 2011) (denying motion to amend where the amended complaint mostly contained "repetition and repackaging of the perplexing and conclusory allegations contained in the original complaint").

Plaintiff also raises a new legal theory for recovery, premised on the same factual allegations. Specifically, he alleges violations of the Program Fraud Civil Remedies Act of 1986 ("PFCRA"), 31 U.S.C. § 3802 *et seq.* The PFCRA was enacted to allow *federal agencies* to recover penalties and assessments from individuals who have obtained benefits or payments from the government by making false or fraudulent claims. *See* 31 U.S.C.

§ 3802; *Vermont Agency of Natural Res. V. United States ex rel. Stevens*, 529 U.S. 765, 786 n.17 (2000) (the PFCRA is a "sister scheme" to the False Claims Act ("FCA") and is "designed to operate in tandem with the FCA."). The PFCRA claim in Plaintiff's proposed amended complaint is completely inapplicable to these facts. Plaintiff's proposed amended complaint suffers from the same infirmities as his original complaint, thus granting leave to amend would be futile.[3]

---

[3] Plaintiff's motion would not pass muster even if it were analyzed under either Rule 59(e) or Rule 60(b). Pursuant to Rule 59(e), grounds for relief are limited to accommodating an intervening change in controlling law, accounting for new evidence not previously available, or correcting clear error of law or preventing manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Pursuant to Rule 60(b), a party may obtain relief from a judgment or final order based upon: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Plaintiff's motion does not meet any of the grounds for reconsideration set forth in either rule. These rules are not a means to relitigate contentions decided adversely to a litigant. Plaintiff cites identical factual allegations in the amended complaint. Plaintiff is doing nothing more than attempting to relitigate his case, which warrants denial of his motions to reconsider and to amend his complaint.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motions to reconsider and for leave to file an amended complaint will be denied. A separate order will follow.

<pre>
                              /s/
            DEBORAH K. CHASANOW
            United States District Judge
</pre>